UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

AARON CLARK,

        Plaintiff,               Case No. 2:23-cv-245

v.                                    Honorable Paul L. Maloney

C. WILSON et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, for the reasons set forth below, Plaintiff's action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Court will also deny as moot Plaintiff's motion to appoint counsel (ECF No. 3).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In four of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the actions were frivolous, malicious, and/or failed to state a claim. *See Clark v. Adams et al.*, No. 2:22-cv-104 (W.D. Mich. June 27, 2022); *Clark v. Lindemuth et al.*, No. 2:12-cv-159 (W.D. Mich. Oct. 19, 2012); *Clark v. Lindemuth et al.*, No. 2:12-cv-336 (W.D. Mich. July 9, 2012); *Clark v. Derry et al.*, No. 2:11-cv-253 (W.D. Mich. Apr. 16, 2012). Furthermore, on two occasions, Plaintiff has been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *See Clark v. LaPlante et al.*, No. 2:18-cv-40 (W.D. Mich. Sept. 19, 2018); *Clark v. Morgan et al.*, No. 2:15-cv-10994 (E.D. Mich. Apr. 7, 2015).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated by the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events of which Plaintiff complains occurred there and during Plaintiff's prior incarceration at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Plaintiff names 82 MDOC employees as Defendants, the majority of whom he avers are employed at AMF.

Plaintiff's allegations concern a span of time from December 2020 until the present. Plaintiff alleges that on December 13, 2020, while he was incarcerated at AMF, Defendant Wilson printed a copy of Plaintiff's information from the MDOC's Offender Tracking Information System (OTIS) and gave it to another inmate, who was one of Plaintiff's "main enemies" at AMF. (Compl., ECF No. 1, PageID.10.) Plaintiff contends that based on the information contained in the printout, inmates began to threaten him and label him as a pedophile, child molester, "baby raper," and other derogatory terms. (*Id.*) Plaintiff alleges further that Defendant Wilson and other officers at AMF set Plaintiff up to be attached by his enemies. (*Id.*, PageID.11.)

Plaintiff goes on to state that officers at ECF have destroyed his legal papers, and that he has been discriminated against by Defendants at both ECF and AMF. (*Id.*, PageID.12.) For example, Plaintiff alleges that while at AMF, he was placed on the A-wing of 3-block solely because of his race and age. (*Id.*) Plaintiff also contends that numerous Defendants at AMF kept "sabotaging" Plaintiff's progress through the stages of the Incentives in Segregation Program. (*Id.*,

4

PageID.12–13.) Plaintiff also references receiving numerous misconduct tickets while at AMF. (*Id.*, PageID.14.) He also vaguely alleges that he has been subjected to several forms of retaliation by numerous Defendants because of his grievance-writing activity. (*Id.*, PageID.15–16.)

Plaintiff includes in his complaint a section that he entitles "The Three-Strikes Rule Under Imminent Danger." (*Id.*, PageID.7.) Plaintiff states that he was transferred to ECF from AMF on January 11, 2023. (*Id.*) He avers that after arriving at ECF, he learned that AMF "very purposely sent several of [his] enemies" to ECF. (*Id.*) Plaintiff contends that those inmates have spread lies about him and have told other inmates that Plaintiff is incarcerated for "raping [his] mentally-retarded daughter." (*Id.*) According to Plaintiff, he has faced threats of being stabbed if he comes into general population. (*Id.*) Plaintiff informed the Security Classification Committee (SCC) of the threats but alleges that he was denied protective custody. (*Id.*) Plaintiff contends that officers at ECF have labeled him as a rat, pedophile, "baby raper," and child molester. (*Id.*) Plaintiff refers to himself as the "most hated inmate" in the MDOC. (*Id.*)

Based on the foregoing, Plaintiff alleges violations of his First, Eighth, and Fourteenth Amendment rights. (*Id.*, PageID.17.) He seeks declaratory relief, as well as damages. (*Id.*, PageID.8.)

As an initial matter, Plaintiff's allegations concerning the threats of harm that he faced at AMF certainly suggest a danger. Moreover, his allegations that those threats of harm occurred after Defendant Wilson provided a copy of Plaintiff's conviction history to another inmate also suggest a danger. Plaintiff, however, is no longer incarcerated at AMF, where he alleges most of the named Defendants are employed. Plaintiff's "allegations of past dangers" that occurred during his incarceration at AMF, therefore, are "insufficient to invoke the exception" set forth in § 1915(g). *See Taylor*, 508 F. App'x at 492; *see also Day v. Maynard*, 200 F.3d 665, 667 (10th

5

Cir. 1999) (holding that a prisoner does not meet the imminent danger exception when he is no longer facing risk from the defendants he sues because he has since been transferred to a different prison).

Plaintiff's allegations concerning events at ECF also do not rise to the level of imminent danger of serious physical harm. First, Plaintiff contends that numerous officers at ECF have destroyed his legal papers. His complaint, however, is devoid of allegations suggesting that the destruction of his legal papers has caused serious physical harm. Moreover, although Plaintiff vaguely suggests that officers and other inmates at ECF have labeled him as a rat, pedophile, child molester, and other derogatory names, he fails to allege that any of the named Defendants who are employed at ECF have participated in this behavior. Plaintiff, therefore, has failed to allege sufficient facts to show that he is in imminent danger from any of the named Defendants who are employed at ECF. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (seminal case holding that there be some nexus between the imminent danger alleged by the prisoner and the legal claims asserted in his complaint).

Moreover, even if Plaintiff had alleged facts suggesting that the named Defendants employed at ECF were responsible for labeling Plaintiff in the manner noted above, Plaintiff's complaint is devoid of any factual allegations suggesting that he has been subjected to physical harm since being transferred to ECF. The Court certainly does not condone the labeling of a prisoner as a "rat" or pedophile by corrections officers. However, Plaintiff's conclusory statements concerning the threats he has faced at ECF are described with insufficient facts and detail to establish that Plaintiff is in danger of imminent physical injury. *Rittner*, 280 F. App'x at 798 (footnote omitted). Indeed, Plaintiff alleges that he is in segregation at ECF, and that the threats concern harm that he may face if he goes into general population. Based on Plaintiff's allegations,

6

the risk of harm is not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585. That is not to say that Plaintiff's allegations are "ridiculous . . . baseless. . . fantastic or delusional . . . irrational or wholly incredible." *Id.* (quoting *Rittner*, 280 F. App'x at 798). They are simply insufficient.

Accordingly, Plaintiff has accrued three strikes, and he has not demonstrated that he is in imminent danger of serious physical injury. Thus, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the full filing fees applicable at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the applicable full civil action filing fees.[2] The Court will also deny as moot Plaintiff's motion to appoint counsel (ECF No. 3).

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the District Court filing fees in the present action.

fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.


Dated:   January 12, 2024                                     /s/ Paul L. Maloney
                                                                                Paul Maloney
                                                                                United States District Judge